UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:23-CR-00006-MOC-SCR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RICHARD BRASSER | ) | |
| GREGORY GENTNER, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a motion for judgment of acquittal or, in the alternative, for new trial, filed by Defendants Richard Brasser and Gregory Gentner. (Doc. No. 87). The Government opposes Defendants' motion. (Doc. No. 89). This matter is fully briefed and ripe for disposition.

### I. Background

In January of 2023, a federal grand jury charged both Defendants by way of indictment with five counts each of failure to truthfully account for and pay over trust fund taxes, 26 U.S.C. § 7202; two counts each of making and subscribing a false tax return, 26 U.S.C. § 7206(1); and further charged Defendant Brasser individually with evasion of payment, 26 U.S.C. § 7201. (Doc. No. 1). At their arraignments the following month, both Defendants pleaded not guilty.

After a five-day jury trial, the jury found both Defendants guilty on each of their five trust fund tax counts. (Doc. No. 80). The jury acquitted both Defendants on each of their two tax return counts, and further acquitted Defendant Brasser on his evasion of payment count. (<u>Id.</u>). Both Defendants now move for acquittal and new trial with respect to their 26 U.S.C. § 7202 convictions. (Doc. No. 87).

1

## II. Legal Standard

Federal Rule of Criminal Procedure 29 governs motions for acquittal. Rule 33 governs motions for new trial.

Rule 29 requires the district court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). Ruling on a motion for acquittal, the Court must assess whether "any rational trier of fact *could have* found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The Court must view the evidence in the light most favorable to the government and must not weigh the evidence or review the credibility of witnesses for itself. Id.; United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Thus, a Rule 29 motion is granted only where no rational jury could have found the essential elements of the crime beyond a reasonable doubt, such that acquittal is "the *only* proper verdict." United States v. Rafiekian, 68 F.4th 177, 186 (4th Cir. 2023) (emphasis in original and citation omitted). Rule 29 therefore imposes a heavy burden on the movant.

Rule 33, by contrast, permits the district court to vacate judgment and grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33. In the Fourth Circuit, trial courts will grant a Rule 33 motion in two circumstances: (1) "when the verdict is against the great weight of the evidence" and (2) "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." United States v. Garcia, 855 F.3d 615, 620 (4th Cir. 2017); Rafiekian, 68 F.4th at 186. Where the Court grants a Rule 29 motion and enters a judgment of acquittal, it must also conditionally decide whether a new trial should be granted under Rule 33 if the judgment of acquittal is later vacated or reversed.

### III. Analysis

#### a. Motion for Acquittal

To establish a violation of § 7202, the Government must prove the following elements beyond a reasonable doubt: (1) duty to collect, account for, and pay over a tax; (2) failure to collect, truthfully account for, or pay over the tax; and (3) willfulness. United States v. Lord, 404 F. App'x 773, 776–78 (4th Cir. 2010). Defendants focus their argument on the third (willfulness) element of § 7202, contending that the evidence presented to the jury "conclusively establishes that Defendants did not willfully refuse to pay over trust fund taxes." (Doc. No. 87 at 4). In the criminal tax context, "willfulness" is defined as the "voluntary intentional violation of a known legal duty." Cheek v. United States, 498 U.S. 192, 201 (1991). Put simply, "if you know that you owe taxes and you do not pay them, you have acted willfully." United States v. Easterday, 564 F.3d 1004, 1006 (9th Cir. 2009).

The Government's evidence conclusively showed that Defendants, despite knowing that taxes were owed, nevertheless allowed their company to pay non-government creditors, including Defendants themselves. Defendants admit that evidence of these payments is relevant to willfulness, but maintain that "it is not definitive evidence, and instead is just one of many things a juror may consider." (Doc. No. 87 at 4) (citing United States v. Boccone, 556 Fed. Appx. 215, 238 (4th Cir. 2014) (unpublished opinion) (citing Turpin v. United States, 970 F.2d 1344 (4th Cir. 1992))). Highlighting Defendants' efforts to pay the taxes owed, and the fact that the IRS had actual knowledge of Defendants' payments to creditors despite remaining delinquent on their taxes, Defendants argue that no reasonable factfinder could have concluded beyond a reasonable doubt that either Defendant willfully failed to pay trust fund taxes. (Doc. No. 87 at 4).

For the proposition that intentionally preferring non-government creditors is insufficient to establish willfulness, Defendants rely on the Fourth Circuit's decision in Boccone. 556 Fed. Appx. 215. But Boccone does not support Defendants' argument. In fact, the Fourth Circuit held in Boccone that "[t]he intentional preference of other creditors over the United States is sufficient to establish the element of willfulness." 556 Fed. Appx. at 239 (quoting Turpin, 970 F.2d at 1347 (4th Cir. 1992)) (emphasis added). The Fourth Circuit's more recent holding in Lord reinforces the Boccone Court's conclusion. 404 Fed. Appx. at 789 ("paying wages and of satisfying debts to creditors in lieu of remitting employment taxes to the IRS, constitute circumstantial evidence of a voluntary and deliberate violation of § 7202"). The rule in Boccone is eminently reasonable: "[i]t is [] inconsistent with common sense . . . , [that] a defendant could succeed in arguing that he did not willfully fail to pay because he spent the money on something else." Easterday, 564 F.3d at 1010.

To justify the jury's willfulness finding, the Government needed only show that Defendants intentionally paid creditors besides the United States despite knowing that taxes were due. Because Defendants admitted as much—specifically, that they were aware the taxes were unpaid when they intentionally authorized payments to non-Government creditors—and because the Government presented evidence of those admissions to the jury, Defendants' Rule 29 motion must be denied.

    b. **Motion for New Trial**

Defendants' new trial motion re-hashes the same arguments as their motion for acquittal, albeit under the more forgiving Rule 33 standard. Specifically, Defendants contend that evidence of Defendants' engagement with the IRS, and eventual repayment of outstanding taxes, "vastly outweighs the limited evidence supporting a finding that Defendants acted willfully." (Doc. No. 87 at 5–6). Defendants' conclusory argument—that evidence of some cooperation with the IRS

4

"vastly outweighs" evidence that Defendants paid non-Government creditors despite undisputed knowledge of their outstanding tax debt—cannot carry the "demanding" burden required for the Court to disturb the jury's verdict. See United States v. Millender, 970 F.3d 523, 532 (4th Cir. 2020). The great weight of the evidence presented at trial showed that Defendants were responsible for withholding, accounting for, and paying trust fund taxes, and that they willfully failed to do so. Therefore, Defendants' Rule 33 motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' motion for judgment of acquittal or, in the alternative, motion for new trial (Doc. No. 87) is **DENIED**.

Signed: August 5, 2024

Max O. Cogburn Jr
United States District Judge