IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.: 3:23-cr-6-MOC |
| | ) | |
| v. | ) | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S THIRD MOTION FOR EXTENSION OF TIME TO REPORT TO BUREAU OF PRISONS** |
| | ) | |
| RICHARD BRASSER | ) | |
| | ) | |
| | ) | |
| | ) | |

The United States of America opposes Defendant Richard Brasser's Third Motion for Extension of Time to Report to Bureau of Prisons ("BOP"). Doc. 159. For a third time, the Defendant is asking this Court to delay his reporting date because of purported "critical tax and business-administration obligations and medical treatment" and repeats arguments that were propounded to and rejected by the jury and this Court at trial and in post-trial motions. Doc. 159. On September 10, 2025, the Court granted a second extension but stated that it would not grant any further extensions based on medical issues. Doc. 156. Because the Defendant's motion is a continuation of his attempts to avoid accepting responsibility for his actions and to undermine the judicial process, his motion should be denied.

I. **Procedural Background**

Following a five-day trial, on March 12, 2024, Brasser was found guilty of Counts 1 through 5 of the Indictment – willfully failing to account for and pay over trust fund taxes, in violation of 26 U.S.C. § 7202. On February 26, 2025, Brasser was sentenced to one year and a day in prison and one year of supervised release on each count, all to be served concurrent to each other. Doc. 119.

The Defendant was initially ordered to report to prison on April 26, 2025. Doc. 132. On April 11, 2025, following the denial of his Motion for Bond Pending Appeal (Doc. 130), the

1

Defendant filed a Motion for Extension of Time to Report to Bureau of Prisons. Doc. 132. The Defendant requested a five-month extension due to "necessary medical treatment," stating that a total right knee arthroplasty was *recommended* and that "[h]e has a preoperative surgery appointment scheduled with Dr. Sean Ryan at Duke Medical Center on May 9, 2025, for a right knee arthroplasty. A surgery date is expected to be scheduled for late June of 2025." *Id*. at ¶¶ 3 and 4 and Doc. 132-1. On April 14, 2025, the Court granted the Defendant's Motion and extended his reporting date until September 16, 2025. Doc. 135.

On September 3, 2025, the Defendant moved the Court to extend his reporting date for a second time because his surgery has been delayed "due to a recently diagnosed oral infection" that must be resolved prior to the surgery. Doc. 154. The United States opposed the motion to extend the time to report. Doc. 155. The Court denied the Defendant's motion "to the extent that he seeks an additional extension until July 1, 2026" but granted an extension until January 15, 2026, to report to BOP. Doc. 156. Further, the Court specifically stated that it would "grant <u>no further extensions of time to report to BOP based on medical issues</u>" because the BOP has adequate facilities to treat the Defendant. *Id*.

The Defendant now requests a third extension of time to report until April 15, 2026, to address tax and business obligations and medical treatment. Doc. 159. The motion also restates the bulk of his sentencing arguments as to the nature and circumstances of the offense, his history and characteristics, and the need to afford adequate deterrence. *Id*.

II.     **Brasser Should Begin Serving the Sentence Imposed**

As a preliminary matter, the applicable law supports the United States' position that the Defendant should report to the BOP to begin his sentence of one year and a day. 18 U.S.C. § 3143(a)(1) reads, in pertinent part, that "[t]he judicial officer shall order that a person who has

2

been found guilty of an offense and is awaiting imposition or execution of sentence . . . be detained ...."

The Defendant has presented nothing new in his motion. First, the Defendant has not taken the necessary steps to prepare himself, his business, and his family for the commencement of his sentence. The fact that he has squandered the time the Court gave him to get his health and his business affairs in order before his reporting date of January 15, 2026, is a problem of his own making and should not be rewarded. The Court has previously held that no further extensions would be granted for medical treatment.

Second, the bulk of the Defendant's motion presents arguments concerning the facts of this case which were presented to the jury and rejected by it when he was convicted. Moreover, the Court considered these same arguments in denying the Defendant's post-trial motions, including bail pending appeal. Doc. 101 and 130. Third, the Defendant offered these same arguments at sentencing and this Court accepted them when it granted a reduction in the guideline calculation for acceptance of responsibility. Doc. 120 (defendant should receive a two-point reduction pursuant to USSG § 3E1.1(a) and the total offense level should be 16 corresponding to a guideline range of 21-27 months). The Court further relied on these arguments when it granted a downward variance from the advisory guideline range to a sentence of one year and one day in order "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, to avoid unwarranted sentencing disparities among defendants, and for his conduct on pre-trial bond." *Id*.

Lastly, the Defendant's co-defendant, Gregory Gentner has served his sentence and was released from BOP custody on November 21, 2025. Like Mr. Gentner, The Defendant should begin serving his sentence and this Court should deny his motion.

## III. Conclusion

The Defendant's situation does not warrant preferential treatment from the other convicted persons who must deal with difficult family and life situations while they are incarcerated in the BOP. Quite simply, another extension of time would not promote respect for the law or serve the ends of justice. *See generally United States v. Gregory*, 2021 WL 1978630, *4 (D.Kan. May 18, 2023).

RESPECTFULLY SUBMITTED this, 7th day of January, 2025.

                                                RUSS FERGUSON
                                                United States Attorney

By:      s/ Caryn Finley
          Caryn Finley
          Assistant United States Attorney
          New York Bar Number: 3953882
          United States Attorney's Office
          227 West Trade Street, Suite 1650
          Charlotte, NC 28202
          (704) 344-6222 (office)
          (704) 344-6629 (facsimile)
          caryn.finley@usdoj.gov

## CERTIFICATION

       Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

       1.     No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

       2.     Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

       This the 7th day of January, 2025.

                                                                           /s/ Caryn Finley
                                                                          Caryn Finley
                                                                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on January 7, 2025, I electronically filed the foregoing response with the Clerk of Court using the CM/ECF system.

☒ I also certify that I have mailed this document by United States Postal Service to the following non-CM/ECF participant(s), and by email:

Richard Brasser
3226 Idlewood Circle
Charlotte, NC 28209
richardbrasser@gmail.com

*/s/ Caryn Finley*
Caryn Finley
Assistant United States Attorney