UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cr-6-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| RICHARD BRASSER ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Third Motion for Extension of Time to Report to BOP to begin serving his sentence of 12 months and one day after a jury convicted him of failure to pay federal payroll taxes, and on Defendant's pro se Motion to Expedite Consideration. See (Doc. Nos. 159, 160). Defendant seeks to extend his report date from January 15, 2026, to April 15, 2026. The Government has filed a memorandum in opposition. (Doc. No. 162).

In his current motion, Defendant offers various reasons for seeking an extension of time to report to BOP, including that his conviction is currently pending on appeal. Defendant further contends that he has founded and operates two business, and he needs to remain out of prison so that he can run these businesses. He further seeks an extension of time to report to serve his sentence due to "pending knee surgery, the immovable April tax deadline, the absence of any family member capable of handling complex tax and business affairs, and a clear public interest showing tied to tax compliance and revenue." (Doc. No. 159 at 6). Defendant also seeks a recommendation from the Court for BOP to place Defendant on home confinement or, alternatively, "the least restrictive placement consistent with public safety, including a Residential Reentry Center or minimum-security facility." (Id. at 1).

Defendant's Motion for Extension of Time to Report to BOP (Doc. Nos. 159) is **DENIED**. Defendant's original date to report to BOP was April 26, 2025. The Court has already granted Defendant two extensions of time to report based on Defendant's allegations regarding his need for medical

1

treatment—first, extending the report to date to September 16, 2025, and then again to January 15, 2026. See (Doc. Nos. 135, 156). The Court expressly stated in its second Order granting an extension of time to report that the Court "will grant no further extensions of time to report to BOP based on medical issues." (Doc. No. 156 at 1). Thus, the Court declines to extend the report date based on representations regarding Defendant's medical issues. Moreover, the fact that Defendant's appeal is pending does not justify extending his time to report. Finally, Defendant's other stated reasons for extending his time to report also do not warrant allowing him to delay his reporting date to BOP for a third time. The Court has been exceedingly generous in already allowing Defendant two extensions of time to report to BOP. Moreover, in imposing Defendant's custodial sentence, the Court already accounted for and considered that Defendant has repaid the taxes that he owed. In sum, another extension of time would not promote respect for the law or serve the ends of justice. See generally United States v. Gregory, No. 17-20079, 2021 WL 1978630, at *4 (D. Kan. May 18, 2023).

Defendant shall report to BOP on January 15, 2026, to begin serving his custodial sentence.

Finally, Defendant's Motion for Expedited Consideration (Doc. No. 160) is **GRANTED** to the extent that the Court has given Defendant's pending motion in Doc. No. 159 expedited consideration.

**SO ORDERED**.

Signed: January 9, 2026

Max O. Cogburn Jr
United States District Judge